1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone: (213) 430-3400
    Facsimile: (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18                 SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:07-cv-03548-CRB
                                       )
    This document relates to           )
21                                     )   PFIZER INC., PHARMACIA
    JESSIE JOHNSTON,                   )   CORPORATION, AND G.D.
22                                     )   SEARLE, LLC'S ANSWER TO
                 Plaintiff,            )   COMPLAINT
23                                     )
            vs.                        )   JURY DEMAND ENDORSED
24                                     )   HEREIN
    PFIZER, INC., PHARMACIA CORPORATION, )
25  and G.D. SEARLE LLC,               )
                                       )
26               Defendants.          )
                                       )
27  _____)

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3  ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint

4  ("Complaint"), and would respectfully show the Court as follows:

5                                           I.

6                           **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8  Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

9  Defendants may seek leave to amend this Answer when discovery reveals the specific time

10 periods in which Plaintiff was prescribed and used Bextra®.

11                                          II.

12                                       **ANSWER**

13                    **Response to Allegations Regarding Parties**

14 1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

15 deny that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain

16 periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

17 to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18 accordance with their approval by the FDA.  Defendants admit that, during certain periods of

19 time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20 co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21 providers who are by law authorized to prescribe drugs in accordance with their approval by the

22 FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

23 with its FDA-approved prescribing information.  Defendants state that the potential effects of

24 Bextra® were and are adequately described in its FDA-approved prescribing information,

25 which was at all times adequate and comported with applicable standards of care and law.

26 Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

27 and deny the remaining allegations in this paragraph of the Complaint.

28 2.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

remaining allegations in this Paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

6.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount in controversy exceeds $75,000, exclusive of interests and costs.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny committing a tort in the State of Arkansas or the State of California and deny the remaining allegations in this paragraph of the Complaint.

9.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States, including California and Louisiana, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants admit that they do business in the State of California.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  remaining allegations in this paragraph of the Complaint.

2  **Response to Allegations Regarding Interdistrict Assignment**

3  10.    Defendants state that this paragraph of the Complaint contains legal contentions to

4  which no response is required.  To the extent that a response is deemed required, Defendants

5  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

6  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

7  Panel on Multidistrict Litigation on September 6, 2005.

8  **Response to Factual Allegations**

9  11.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used

11  Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

12  Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph

13  of the Complaint.

14  12.    Defendants admit that Bextra® was expected to reach consumers without substantial

15  change from the time of sale.  Defendants are without knowledge or information sufficient to

16  form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and,

17  therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the

18  Complaint.

19  13.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants are without knowledge or information sufficient to form a belief as to the truth of

24  the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

25  Defendants deny remaining the allegations in this paragraph of the Complaint.

26  14.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

27  steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe

28  and effective when used in accordance with its FDA-approved prescribing information.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   Defendants state that the potential effects of Bextra® were and are adequately described in its

2   FDA-approved prescribing information, which was at all times adequate and comported with

3   applicable standards of care and law.   Defendants deny the remaining allegations in this

4   paragraph of the Complaint.

5   15.     The allegations in this paragraph of the Complaint are not directed toward Defendants

6   and, therefore, no response is required.    To the extent a response is deemed required,

7   Defendants state that Plaintiff fails to provide the proper context for the allegations in this

8   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

9   form a belief as to the truth of such allegations and, therefore, deny the same.

10  16.     The allegations in this paragraph of the Complaint are not directed toward Defendants

11  and, therefore, no response is required.    To the extent a response is deemed required,

12  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

13  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

14  form a belief as to the truth of such allegations and, therefore, deny the same.

15  17.     The allegations in this paragraph of the Complaint are not directed toward Defendants

16  and, therefore, no response is required.    To the extent a response is deemed required,

17  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

18  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

19  form a belief as to the truth of such allegations and, therefore, deny the same.

20  18.     The allegations in this paragraph of the Complaint are not directed toward Defendants

21  and, therefore, no response is required.    To the extent a response is deemed required,

22  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

23  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

24  form a belief as to the truth of such allegations and, therefore, deny the same.

25  19.     Plaintiff fails to provide the proper context for the allegations in this paragraph of the

26  Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth

27  of such allegations and, therefore, deny the same.

28  20.     Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

21.     Plaintiff does not allege having used Celebrex® in this Complaint.  Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

23.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

24.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding

"predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

29.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary. Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

30.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001. Defendants admit that Bextra® was approved by the FDA, on November

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

16, 2001.    Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

32.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

34.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without sufficient information to confirm or deny such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

35.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

36.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

2    referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

3    actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

4    deny the remaining allegations in this paragraph of the Complaint.

5    37.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

7    deny the remaining allegations in this paragraph of the Complaint.

8    38.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

9    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

10   and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

11   Defendants deny the remaining allegations in this paragraph of the Complaint.

12   39.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

13   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

14   and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

15   Defendants deny the remaining allegations in this paragraph of the Complaint.

16   40.    Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.   Defendants deny the allegations in this

18   paragraph of the Complaint.

19   41.    Defendants state that the referenced article speaks for itself and respectfully refer the

20   Court to the article for its actual language and text.  Any attempt to characterize the article is

21   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

22   paragraph of the Complaint.

23   42.    The allegations in this paragraph of the Complaint are not directed towards Defendants

24   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

25   state that the referenced article speaks for itself and respectfully refer the Court to the article for

26   its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

27   the remaining allegations in this paragraph of the Complaint.

28   43.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny the allegations in this paragraph of the Complaint.

5    44.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

10   allegations in this paragraph of the Complaint.

11   45.    Defendants state that Bextra® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that the potential effects of

13   Bextra® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16   the Complaint.

17   46.    Defendants deny the allegations in this paragraph of the Complaint.

18   47.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

19   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

20   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

21   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

22   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

23   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

24   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

25   effective when used in accordance with its FDA-approved prescribing information.  Defendants

26   state that the potential effects of Bextra® were and are adequately described in its FDA-

27   approved prescribing information, which was at all times adequate and comported with

28   applicable standards of care and law.  Defendants are without knowledge or information

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used

2   Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

3   allegations in this paragraph of the Complaint.

4   48.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

6   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

7   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

8   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

9   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

11   effective when used in accordance with its FDA-approved prescribing information.  Defendants

12   state that the potential effects of Bextra® were and are adequately described in its FDA-

13   approved prescribing information, which was at all times adequate and comported with

14   applicable standards of care and law.  Defendants deny the remaining allegations in this

15   paragraph of the Complaint.

16   49.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

17   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

18   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

19   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

20   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

21   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

22   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.  Defendants

24   state that the potential effects of Bextra® were and are adequately described in its FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants admit, as indicated in the package insert

27   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

28   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

1    dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2    50.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which at all times was adequate and comported with applicable standards of care and law.

6    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

7    ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

8    such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

9    that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

10    51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

12    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

13    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

14    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

15    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

17    effective when used in accordance with its FDA-approved prescribing information.  Defendants

18    state that the potential effects of Bextra® were and are adequately described in its FDA-

19    approved prescribing information, which was at all times adequate and comported with

20    applicable standards of care and law.  Defendants deny the remaining allegations in this

21    paragraph of the Complaint.

22    52.    Defendants state that Bextra® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information.  Defendants state that the potential effects of

24    Bextra® were and are adequately described in its FDA-approved prescribing information,

25    which at all times was adequate and comported with applicable standards of care and law.

26    Defendants deny the remaining allegations in this paragraph of the Complaint.

27    53.    Defendants state that Bextra® was and is safe and effective when used in accordance

28    with its FDA-approved prescribing information.  Defendants state that the potential effects of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

54.      Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

55.      Defendants deny the allegations in this paragraph of the Complaint.

56.      Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

57.      Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

58.      Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

59.      Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

60.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-16-

1    symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

2    primary dysmenorrhea.    Defendants deny any wrongful conduct and deny the remaining

3    allegations in this paragraph of the Complaint.

4    63.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.    Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants are without knowledge or information sufficient to form a belief as to the truth of

9    the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.

10   Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

11   caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

12   Complaint.

13   64.    Defendants state that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.    Defendants state that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants are without knowledge or information sufficient to form a belief as to the truth of

18   the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.

19   Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

20   ambiguous.    Defendants are without knowledge or information to form a belief as to the truth of

21   such allegations, and, therefore, deny the same.    Defendants deny any wrongful conduct, deny

22   that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the

23   remaining allegations in this paragraph of the Complaint.

24   **<u>Response to First Cause of Action: Negligence</u>**

25   65.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

26   Complaint as if fully set forth herein.

27   66.    Defendants state that this paragraph of the Complaint contains legal contentions to

28   which no response is deemed required.    To the extent a response is deemed required,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Defendants admit that they had duties as are imposed by law but deny having breached such

2   duties. Defendants state that the potential effects of Bextra® were and are adequately described

3   in its FDA-approved prescribing information, which was at all times adequate and comported

4   with applicable standards of care and law. Defendants state that Bextra® was and is safe and

5   effective when used in accordance with its FDA-approved prescribing information. Defendants

6   deny the remaining allegations in this paragraph of the Complaint.

7   67.    Defendants state that this paragraph of the Complaint contains legal contentions to

8   which no response is deemed required. To the extent a response is deemed required,

9   Defendants admit that they had duties as are imposed by law but deny having breached such

10  duties. Defendants state that Bextra® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information. Defendants deny the remaining allegations in

12  this paragraph of the Complaint.

13  68.    Defendants state that this paragraph of the Complaint contains legal contentions to

14  which no response is required. To the extent that a response is deemed required, Defendants

15  admit that they had duties as are imposed by law but deny having breached such duties.

16  Defendants state that Bextra® was and is safe and effective when used in accordance with its

17  FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

18  were and are adequately described in its FDA-approved prescribing information, which was at

19  all times adequate and comported with applicable standards of care and law. Defendants deny

20  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

21  including all subparts.

22  69.    Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information. Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants are without knowledge or information sufficient to form a belief as to the truth of

27  the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

28  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    the Complaint.

2    70.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    71.    Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

10   that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

11   paragraph of the Complaint.

12   72.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

13   damage, and deny the remaining allegations in this paragraph of the Complaint.

14   73.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

15   damage and deny the remaining allegations in this paragraph of the Complaint.

16   74.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

17   damage, and deny the remaining allegations in this paragraph of the Complaint.

18                  **Response to Second Cause of Action: Strict Liability**

19   75.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

20   Complaint as if fully set forth herein.

21   76.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

23   Defendants admit that Bextra® was expected to reach consumers without substantial change in

24   the condition from the time of sale.  Defendants admit that, during certain periods of time,

25   Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

26   by healthcare providers who are by law authorized to prescribe drugs in accordance with their

27   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

28   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

78.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

80.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants state that Bextra® was and is safe and effective when used in accordance with its

2    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

3    were and are adequately described in its FDA-approved prescribing information, which was at

4    all times adequate and comported with applicable standards of care and law.  Defendants deny

5    any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining

6    allegations in this paragraph of the Complaint.

7    81.    Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10    which was at all times adequate and comported with applicable standards of care and law.

11    Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

12    caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

13    Complaint.

14    82.    Defendants state that Bextra® was and is safe and effective when used in accordance

15    with its FDA-approved prescribing information.  Defendants state that the potential effects of

16    Bextra® were and are adequately described in its FDA-approved prescribing information,

17    which was at all times adequate and comported with applicable standards of care and law.

18    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

19    allegations in this paragraph of the Complaint.

20    83.    Defendants are without knowledge or information sufficient to form a belief as to the

21    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

22    Defendants state that Bextra® was and is safe and effective when used in accordance with its

23    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

24    were and are adequately described in its FDA-approved prescribing information, which was at

25    all times adequate and comported with applicable standards of care and law.  Defendants admit

26    that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra®

27    in the United States to be prescribed by healthcare providers who are by law authorized to

28    prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

1    certain periods of time, Bextra® was manufactured and packaged for Searle, which developed,

2    tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by

3    healthcare providers who are by law authorized to prescribe drugs in accordance with their

4    approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective,

5    deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

6    paragraph of the Complaint.

7    84.    Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10    which was at all times adequate and comported with applicable standards of care and law.

11    Defendants deny the remaining allegations in this paragraph of the Complaint.

12    85.    Defendants are without knowledge or information sufficient to form a belief as to the

13    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

14    Defendants state that Bextra® was and is safe and effective when used in accordance with its

15    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

16    were and are adequately described in its FDA-approved prescribing information, which was at

17    all times adequate and comported with applicable standards of care and law.  Defendants deny

18    the remaining allegations in this paragraph of the Complaint.

19    86.    Defendants state that Bextra® was and is safe and effective when used in accordance

20    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

21    deny the remaining allegations in this paragraph of the Complaint.

22    87.    Defendants are without knowledge or information sufficient to form a belief as to the

23    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

24    Defendants state that Bextra® was and is safe and effective when used in accordance with its

25    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

26    were and are adequately described in its FDA-approved prescribing information, which was at

27    all times adequate and comported with applicable standards of care and law.  Defendants deny

28    that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

88.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

91.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

92.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

94.    Defendants deny the allegations in this paragraph of the Complaint.

95.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

96.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

97.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

101.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

102.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

1   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

2   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

3   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

4   paragraph of the Complaint.

5   103.    Defendants admit that they provided FDA-approved prescribing information regarding

6   Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

7   Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

8   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

9   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

10  prescribing information.  Defendants deny the remaining allegations in this paragraph of the

11  Complaint.

12  104.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

14  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

15  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

16  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

17  allegations in this paragraph of the Complaint.

18  105.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

20  Defendants state that Bextra® was and is safe and effective when used in accordance with its

21  FDA-approved prescribing information.  Defendants deny the remaining allegations in this

22  paragraph of the Complaint.

23  106.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

25  Defendants state that Bextra® was expected to reach consumers without substantial change in

26  the condition from the time of sale.  Defendants deny the remaining allegations in this

27  paragraph of the Complaint.

28  107.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

2    Defendants state that Bextra® was and is safe and effective when used in accordance with its

3    FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the

4    remaining allegations in this paragraph of the Complaint.

5    108.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

6    damage, and deny the remaining allegations in this paragraph of the Complaint.

7    109.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

8    damage, and deny the remaining allegations in this paragraph of the Complaint.

9    110.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

10    damage, and deny the remaining allegations in this paragraph of the Complaint.

11    **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

12    111.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

13    Complaint as if fully set forth herein.

14    112.    Defendants state that this paragraph of the Complaint contains legal contentions to

15    which no response is deemed required.    To the extent a response is deemed required,

16    Defendants admit that they had duties as are imposed by law but deny having breached such

17    duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

18    with its FDA-approved prescribing information.  Defendants state that the potential effects of

19    Bextra® were and are adequately described in its FDA-approved prescribing information,

20    which was at all times adequate and comported with applicable standards of care and law.

21    Defendants deny the remaining allegations in this paragraph of the Complaint.

22    113.    Defendants state that Bextra® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information.  Defendants state that the potential effects of

24    Bextra® were and are adequately described in its FDA-approved prescribing information,

25    which was at all times adequate and comported with applicable standards of care and law.

26    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27    the Complaint, including all subparts.

28    114.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-26-
ANSWER TO COMPLAINT – 3:07-cv-03548-CRB

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

126.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

127.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    paragraph of the Complaint.

2    128.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

4    Defendants deny the remaining allegations in this paragraph of the Complaint.

5    129.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

7    Defendants deny the remaining allegations in this paragraph of the Complaint.

8    130.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

10    Defendants state that Bextra® was and is safe and effective when used in accordance with its

11    FDA-approved prescribing information.   Defendants deny the remaining allegations in this

12    paragraph of the Complaint.

13    131.    Defendants are without knowledge or information sufficient to form a belief as to the

14    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

15    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

16    and deny the remaining allegations in this paragraph of the Complaint.

17    132.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

18    damage, and deny the remaining allegations in this paragraph of the Complaint.

19    **Response to Seventh Cause of Action: Unjust Enrichment**

20    133.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

21    Complaint as if fully set forth herein.

22    134.    Defendants state that this paragraph of the Complaint contains legal contentions to

23    which no response is required.   To the extent that a response is deemed required, Defendants

24    admit that they had duties as are imposed by law but deny having breached such duties.

25    Defendants deny the remaining allegations in this paragraph of the Complaint.

26    135.    Defendants are without knowledge or information sufficient to form a belief as to the

27    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

28    Defendants state that Bextra® was and is safe and effective when used in accordance with its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

137.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

139.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   141.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

2   damage, and deny the remaining allegations in this paragraph of the Complaint.

3   142.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

4   damage, and deny the remaining allegations in this paragraph of the Complaint.

5   143.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

6   damage, and deny the remaining allegations in this paragraph of the Complaint.

7   <u>**Response to Prayer for Relief**</u>

8       Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

9   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

10  and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

11  **III.**

12  <u>**GENERAL DENIAL**</u>

13      Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

14  Complaint that have not been previously admitted, denied, or explained.

15  **IV.**

16  <u>**AFFIRMATIVE DEFENSES**</u>

17      Defendants reserve the right to rely upon any of the following or additional defenses to

18  claims asserted by Plaintiff to the extent that such defenses are supported by information

19  developed through discovery or evidence at trial.  Defendants affirmatively show that:

20  <u>**First Defense**</u>

21  1.      The Complaint fails to state a claim upon which relief can be granted.

22  <u>**Second Defense**</u>

23  2.      Bextra® is a prescription medical product.  The federal government has preempted the

24  field of law applicable to the labeling and warning of prescription medical products.

25  Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

26  federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

27  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

28  and violate the Supremacy Clause of the United States Constitution.

Gordon & Rees, LLP<br>
275 Battery Street, Suite 2000<br>
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Third Defense

2    3.    At all relevant times, Defendants provided proper warnings, information and

3    instructions for the drug in accordance with generally recognized and prevailing standards in

4    existence at the time.

5

### Fourth Defense

6    4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

7    Bextra® conformed to the generally recognized, reasonably available, and reliable state of

8    knowledge at the time the drug was manufactured, marketed and distributed.

9

### Fifth Defense

10    5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

11    applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

12

### Sixth Defense

13    6.    Plaintiff's action is barred by the statute of repose.

14

### Seventh Defense

15    7.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

16    Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's

17    damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

18    negligence and by the failure to mitigate damages.

19

### Eighth Defense

20    8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

21    omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

22    part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

23    liable in any way.

24

### Ninth Defense

25    9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

26    intervening causes for which Defendants cannot be liable.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling,

abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-fourth Defense**

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, Article 2, § 8 of the Constitution of the State of Arkansas, and the Constitution of the State of California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Thirty-first Defense**

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth

1    Amendment of the United States Constitution, the Commerce Clause of the United States

2    Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

3    Constitutions of the States of Arkansas and California.  Any law, statute, or other authority

4    purporting to permit the recovery of punitive damages in this case is unconstitutional, facially

5    and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient

6    standards to guide and restrain the jury's discretion in determining whether to award punitive

7    damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate

8    advance notice as to what conduct will result in punitive damages; (3)  permits recovery of

9    punitive damages based on out-of-state conduct, conduct that complied with applicable law, or

10   conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits

11   recovery of punitive damages in an amount that is not both reasonable and proportionate to the

12   amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5)

13   permits jury consideration of net worth or other financial information relating to Defendants;

14   (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict

15   review of any punitive damages awards; (7) lacks constitutionally sufficient standards for

16   appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court

17   precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111

18   (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North*

19   *America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*,

20   538 U.S. 408 (2003).

21                              **Thirty-ninth Defense**

22   39.     The methods, standards, and techniques utilized with respect to the manufacture, design,

23   and marketing of Bextra®, if any, used in this case, included adequate warnings and

24   instructions with respect to the product's use in the package insert and other literature, and

25   conformed to the generally recognized, reasonably available, and reliable state of the

26   knowledge at the time the product was marketed.

27

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1

### Fortieth Defense

2    40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

3    manufactured and labeled in accordance with the state-of-the-art industry standards existing at

4    the time of the sale.

5

### Forty-first Defense

6    41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

7    and belief, such injuries and losses were caused by the actions of persons not having real or

8    apparent authority to take said actions on behalf of Defendants and over whom Defendants had

9    no control and for whom Defendants may not be held accountable.

10

### Forty-second Defense

11    42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

12    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

13    intended, and was distributed with adequate and sufficient warnings.

14

### Forty-third Defense

15    43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

16    waiver, and/or estoppel.

17

### Forty-fourth Defense

18    44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

19    pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

20    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

21    independent of or far removed from Defendants' conduct.

22

### Forty-fifth Defense

23    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

24    did not proximately cause injuries or damages to Plaintiff.

25

### Forty-sixth Defense

26    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

27    did not incur any ascertainable loss as a result of Defendants' conduct.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-seventh Defense**

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.     The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.     Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

**Fifty-second Defense**

52.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

1  ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's

2  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

3  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

4  and with the specific determinations by FDA specifying the language that should be used in the

5  labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the

6  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

7  United States.

8  **Fifty-fourth Defense**

9  54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

10  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

11  **Fifty-fifth Defense**

12  55.    Defendants state on information and belief that the Complaint and each purported cause

13  of action contained therein is barred by the statutes of limitations contained in California Code

14  of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

15  may apply.

16  **Fifty-sixth Defense**

17  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

18  by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

19  conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against

20  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

21  **Fifty-seventh Defense**

22  57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

23  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

24  Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

25  damages is also barred under California Civil Code § 3294(b).

26  **Fifty-eighth Defense**

27  58.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of

28  timely notice, lack of privity, and because the alleged warranties were excluded and/or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    disclaimed.

2                          **Fifty-ninth Defense**

3    59.     Plaintiff's claims are barred and/or limited by the provisions of the Arkansas Products

4    Liability Act, Ark. Code Ann. § 16-116-101, et seq.

5                            **Sixtieth Defense**

6    60.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Arkansas

7    Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

8                           **Sixty-first Defense**

9    61.     Defendants reserve the right to supplement their assertion of defenses as they continue

10   with their factual investigation of Plaintiff's claims.

11                                  **V.**

12                                **PRAYER**

13   WHEREFORE, Defendants pray for judgment as follows:

14   1.     That Plaintiff take nothing from Defendants by reason of the Complaint;

15   2.     That the Complaint be dismissed;

16   3.     That Defendants be awarded their costs for this lawsuit;

17   4.     That the trier of fact determine what percentage of the combined fault or other liability

18   of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries,

19   losses or damages is attributable to each person;

20   5.     That any judgment for damages against Defendants in favor of Plaintiff be no greater

21   than an amount which equals their proportionate share, if any, of the total fault or other liability

22   which proximately caused Plaintiff's injuries and damages; and

23   6.     That Defendants have such other and further relief as the Court deems appropriate.

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 September 19, 2007                                    GORDON & REES LLP

2

3                                                      By: : _____/s/_____

4                                                          Stuart M. Gordon
                                                           sgordon@gordonrees.com
5                                                          Embarcadero Center West
                                                           275 Battery Street, 20th Floor
6                                                          San Francisco, CA 94111
                                                           Telephone:  (415) 986-5900
7                                                          Fax:  (415) 986-8054

8 September 19, 2007                                    TUCKER ELLIS & WEST LLP
                                                       .
9

10                                                     By: : _____/s/_____

11                                                         Michael C. Zellers
                                                           michael.zellers@tuckerellis.com
12                                                         515 South Flower Street, Suite 4200
                                                           Los Angeles, CA  90071-2223
13                                                         Telephone:  (213) 430-3400
                                                           Fax:  (213) 430-3409
14
                                                           Attorneys for Defendants
15                                                         PFIZER INC., PHARMACIA
                                                           CORPORATION, AND G.D. SEARLE
16                                                         LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-42-

1

### JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3    trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4    Procedure.

5    Septembet 19, 2007                          GORDON & REES LLP

6

7                                               By: :_____/s/_____

8                                                   Stuart M. Gordon
                                                    sgordon@gordonrees.com
9                                                   Embarcadero Center West
                                                    275 Battery Street, 20th Floor
10                                                  San Francisco, CA  94111
                                                    Telephone:  (415) 986-5900
11                                                  Fax:  (415) 986-8054

12   September 19, 2007                          TUCKER ELLIS & WEST LLP

13

14                                              By: :_____/s/_____

15                                                  Michael C. Zellers
                                                    michael.zellers@tuckerellis.com
16                                                  515 South Flower Street, Suite 4200
                                                    Los Angeles, CA 90071-2223
17                                                  Telephone:  (213) 430-3400
                                                    Fax:  (213) 430-3409

18                                                  Attorneys for Defendants
                                                    PFIZER INC., PHARMACIA
19                                                  CORPORATION, AND G.D. SEARLE
                                                    LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-43-